Justin Cilenti (GC2321)
Peter Hans Cooper (PHC4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CARLOS ALFREDO BACHAN,<br>*on behalf of himself, and others*<br>*similarly situated*,<br><br>                              Plaintiff,<br><br>  -against-<br><br>PRESTIGE BUILDING SUPPLY INC.;<br>DAVID'S CONSTRUCTION & HOME<br>IMPROVEMENT CORP.; *and*<br>DAVID LOJA, *individually*,<br><br>                              Defendants. | Case No.:   23 CV 296<br><br>**COMPLAINT**<br>**in an FLSA ACTION**<br><br>ECF CASE |

---

Plaintiff, Carlos Alfredo Bachan (herein, "Plaintiff") on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Prestige Building Supply Inc., David's Construction & Home Improvement Corp., (corporate defendants herein referred to collectively as, "corporate defendants"), and David Loja, individually (all defendants, collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), that he is entitled to recover from the Defendants: (1) unpaid wages

and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law, that he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid spread of hours premiums for each day he worked a span of more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) pre-judgment and post-judgment interest; and (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.      Plaintiff is an adult resident of Queens County, New York.

6.      Defendant, Prestige Building Supply Inc., is a domestic business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 243-29 Merrick Boulevard, Rosedale, New York 11422, and does business as "Prestige Building Supply" at that address.

7.      Defendant, David's Construction & Home Improvement Corp., is a domestic business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 243-29 Merrick Boulevard, Rosedale, New York 11422, and does business as "David's Construction" at that address and at worksites throughout the New York Metropolitan area.

8.     Upon information and belief, Defendant, David Loja, resides at 13042 Van Wyck Expressway, South Ozone Park, New York 11420.

9.     Upon information and belief, Defendant, David Loja, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

10.     Upon information and belief, Defendant, David Loja is an individual who, upon information and belief, owns the stock of the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

11.     Defendant, David Loja, is an individual who, upon information and belief, manages the corporate defendants, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

12.     At all times relevant to this action, Defendant, David Loja, was Plaintiff's employer, within the meaning of the FLSA and the New York Labor Law.

13.     Plaintiff Carlos Alfredo Bachan was employed by the Defendants, in Queens County, New York, to work for defendants' construction businesses, doing tasks required for the installation of driveways and building foundations and general construction, from approximately February 17, 2021 through January 6, 2023.

14.     Plaintiff worked at the store and construction yard owned and operated by the corporate and individual defendants, and at various construction sites in the New York Metropolitan area.

15.     At the store which employed Plaintiff and at least a dozen similarly situated employees, Plaintiff assisted customers, packaged sand and prepared orders for the general public.

16.     At all relevant times, Prestige Building Supply Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17.     At all relevant times, David's Construction & Home Improvement Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18.     The individual defendant, David Loja, exercised control over the terms and conditions of his employees' employment, including Plaintiff, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work locations, duties, and schedules, (iv) supervise, monitor, control and delegate the work of the employees, and (v) otherwise affect the quality of the employees' employment.

19.     At all times relevant to this action, the individual defendant, David Loja, personally determined Plaintiff's rate and method of pay, and paid Plaintiff, either directly or via his secretary.

20.     At all relevant times, the work performed by Plaintiff was directly essential to the construction business operated by the corporate defendants, and their owner and manager, David Loja.

21.    At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

22.    The corporate defendant, Prestige Building Supply, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

23.    The corporate defendant, David's Construction & Home Improvement Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

24.    Plaintiffs worked for the contracting / construction and building supply businesses and directly for David Loja.

25.    The defendant corporations are owned, operated, and controlled by the individual defendant David Loja.

26.    Although the corporate defendants Prestige Building Supply Inc. and David's Construction & Home Improvement Corp. are separate corporations or business entities, they engage in related activities, namely, construction sales and installation businesses. The corporations shared Plaintiff, as well as other employees, acted in the interest of each other with

respect to employees, paid their employees by the same method, shared control over their employees, and are themselves under common control and management.

27.     The corporations Prestige Building Supply Inc. and David's Constuction & Home Improvement Corp. are owned, operated, and controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provides mutually supportive services to the substantial advantage of the other, such that each entity may be treated as a single enterprise and/or joint employer.

28.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

29.     The corporate defendants share a common commercial business purpose, namely, operating identical general contracting / construction businesses in the State of New York.

30.     Upon information and belief, an arrangement existed between the corporate defendants whereby the entities agreed to share the services of Plaintiff and other similarly situated employees.

31.     Upon information and belief, the corporate defendants, in fact shared control of Plaintiff.

32.     Plaintiff, Carlos Alfredo Bachan, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

33.     On or about February 17, 2021, Plaintiff, Carlos Alfredo Bachan, was hired by the Defendants to work as a construction worker, performing installation of driveways and home foundations and general carpentry work. Plaintiff also worked in the construction yard and store

owned and operated by the defendants, tending to customers and preparing / packaging orders for the public.

34.    Plaintiff Carlos Alfredo Bachan worked or the Defendants continuously in such capacity beginning in February 2021, until on or about January 6, 2023.

35.    During Carlos Alfredo Bachan's employment by Defendants, he often worked over forty (40) hours per week.

36.    Plaintiff Carlos Alfredo Bachan normally worked between 7:00 a.m. until 5:00 p.m., six (6) days per week. In June, July and August he usually worked until 6:00 p.m. In December, January and February, he worked four (4) or five (5) days per week.

37.    Plaintiff was not paid timely wages, wages for all hours worked, or given overtime compensation. Instead, Plaintiff was paid a *daily rate*, as follows:

- February 2021 through the end of 2021, $140.00 per day;
- January and February 2022, $150.00 per day;
- March 2022 through September 2022, $160.00 per day;
- September 2022 through end of employment, $170.00 per day.

38.    Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly wage, as required by state and federal law.

39.    Plaintiff Carlos Alfredo Bachan was always paid in cash, based on the number of days he worked and without regard to the number of hours he worked each day, without any receipt or "wage statement".

40.    During the past three (3) years, the corporate defendants, had annual gross volume of sales of not less than $500,000.

41.    The corporate defendants had more than fifteen (15) employees, at all times relevant to this action.

42.   At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM
## COUNT I
### [Violation of the Fair Labor Standards Act]

43.   Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44.   At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.   At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

46.   Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

47.   Plaintiff was entitled to be paid for all hours worked and at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

48.   At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiff and other similarly situated employees.

49.   Defendants failed to pay Plaintiff and others similarly situated, overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

50.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and others similarly situated, for their lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

51.    Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

52.    Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff which may be in the possession and custody of the Defendants may be false as Plaintiff was not given a weekly statement of his hours and was paid off the books, in cash.

53.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

54.    As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55.    Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

56.    Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours, days and weeks worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours each workweek.

60.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants unpaid wages; overtime wages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198.  Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

61.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

63.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

64.     Defendants did not provide Plaintiff, with a written statement properly accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

65.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

66.     Defendants willfully disregarded and evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67.     Plaintiff was not provided with true and accurate wage statements as required by law.

68.     Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

69.     Defendants' failure to provide a weekly wage statement entitles Plaintiff to statutory damages in the amount of two hundred fifty dollars ($250.00) for each workday the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

70.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Carlos Alfredo Bachan, on his own behalf and on behalf of others similarly situated, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid wages, and overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of liquidated as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c)    An award of liquidated damages and statutory penalties as a result of the Defendants' failure to pay wages and timely wages, pursuant to the New York Labor Law;

(d)    An award of penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(g)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        January 17, 2023

                       Respectfully submitted,

                       CILENTI & COOPER, PLLC
                       **Attorneys for Plaintiff**
                       60 East 42nd Street – 40th Floor
                       New York, NY 10165
                       T. (212) 209-3933
                       F. (212) 209-7102
                       pcooper@jcpclaw.com

By:           _____
                       Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     David Loja

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Carlos Alfredo Bachan and others similarly situated, intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Prestige Building Supply Inc., and David's Construction & Home Improvement Corp. for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       January 17, 2023

Respectfully submitted,

By:     _____
                 Peter Hans Cooper  (PHC 4714)

        CILENTI & COOPER, PLLC
        **Counsel for Plaintiff**
        60 East 42nd Street – 40th Floor
        New York, NY 10165
        Telephone  (212) 209-3933
        Facsimile (212) 209-7102
        E-mail: pcooper@jcpclaw.com

13

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Carlos Alfredo Bachan_ , am an employee currently or formerly employed by _Prestige Building Supply, Inc._ , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

_January 11_ , 2023